Law Offices of Danielle Iredale
Danielle Iredale
SBN: 304693
105 West F St. 4th Floor
San Diego, CA 92101
Tel: (619) 233-1525

Attorney for Delilah Diaz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 20CR2546-AJB |
|---|---|
| Plaintiff, | Hon. Anthony J. Battaglia |
| v. | |
| Delilah Diaz, | **RESPONSE IN OPPOSITION TO GOVERNMENT MOTIONS IN LIMINE** |
| Defendant. | DATE: December 14, 2020<br>TIME: 3:00 P.M. |

TO: UNITED STATES OF AMERICA, PLAINTIFF; ROBERT S. BREWER, UNITED STATES ATTORNEY; AND ERIC OLAH, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on December 14, 2020 at 3:00 p.m., or as soon thereafter as counsel may be heard, Ms. Villavicencio will move this Court to deny the Government's Motion in Limine A(3), seeking to admit Ms. Diaz's alleged statement regarding methamphetamine use.

The motion is based on this notice of motion, the following memorandum of points and authorities, the attached exhibits, and any evidence and argument that may be presented at the hearing of this motion.

1

DATED:  December 7, 2020						Respectfully Submitted,

								*/s/Danielle Iredale*
								Danielle Iredale,
								Attorney for Delilah Diaz

Law Offices of Danielle Iredale
Danielle Iredale
SBN: 304693
105 West F St. 4th Floor
San Diego, CA 92101
Tel: (619) 233-1525

Attorney for Delilah Diaz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 20CR2546 |
|---|---|
| Plaintiff, | Hon. Anthony J. Battaglia |
| v. | |
| Delilah Diaz | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | |

**Reply to Government Motion #3(A), which addresses Defense Motion #1**

Ms. Diaz timely filed her motions in limine on November 25, 2020. The Government also timely filed their motions in limine on November 30, 2020. Many of the motions overlap. Defense files this reply to specifically address the Government's motion letter A regarding "Defendant's statements," number 3 regarding "methamphetamine use." The Government's motion "A(3)" concerns the same issue addressed in Defense counsel's motions in limine #1, asking this Court to exclude a statement of personal drug use made to a medical professional in seeking medical care post-arrest.

The Government argues that, notwithstanding the serious FRE 401 and 403 deficiencies mentioned in Ms. Diaz's original filing, defendant's statement to a physician assistant in seeking medical care regarding prior drug use should be allowed in evidence because in her interview with the agent, she did not mention

using methamphetamine while in Mexico and denied being under the influence of any drug at the time of said interview.

As an initial matter, this statement is double hearsay, and the Government has proffered only one exception. The Physician Assistant —whose name does not appear in the discovery— does not appear on the government's witness list.[1] *See ECF Doc. No. 32*. Moreover, the Government has proffered no explanation as to why the Physician Assistant's alleged recounting of personal medical information to HSI Agent Porter is not violative of The Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Hearsay, Confrontation Clause, and HIPPA issues notwithstanding, the government argues that "defendant's withholding of such information speaks volumes to her candor with the interviewing agents, and the jury is of course tasked with 'how much weight to give to' Defendant's post-arrest story and denial of knowledge. See Ninth Circuit Model Instruction Nos. 1.5 and 3.8; *United States v. Flores*, 802 F.3d 1028, 1047 (9th Cir. 2015) (affirming importation conviction and admission of defendant's 'pre-trial drug use, which was introduced to show that [he] had lied to a federal judge and thus was untrustworthy, rather than to show [his] propensity to commit drug crimes')." *ECF Doc.31*.

Though not explicitly stated, it seems the government is arguing that if Ms. Diaz was in fact under the influence at the time of the interview, contrary to her answer to the agent, the government should be allowed to bring in the PA's statement to impeach Ms. Diaz because it would show that she lied during her interview. The government's claim is without merit because as the Government's brief acknowledges, the purported statement referred to methamphetamine use two days prior to the interview. Ms. Diaz was not under the influence two days later when she was being interviewed by federal agents. When she was asked whether,

---

[1] If the Government wishes to call the Physician Assistant as a witness, the defense requests all notes and medical history taken down by the physician assistant be produced immediately in discovery.

4

at that time, she was currently under the influence, her answer was the truth. Accordingly, the statement cannot be admissible for the government's purported purpose.

The government's claim that Ms. Diaz's failure to mention alleged prior methamphetamine use in Mexico is an omission reflective of her candor (or lack thereof) is similarly without merit. A certified transcript of Ms. Diaz's interview is attached hereto as Exhibit A. As the transcript makes clear, Agent Porter interrupted Ms. Diaz 38 times and talked over her an additional 9 times during the interrogation. These interruptions and "overtalking" all occurred in a span of about 37 minutes. This was about 1.3 interruptions per minute. Ms. Diaz was not able to offer any additional information to the agent. In fact, she was barely able to answer his pointed questions without an interruption about another issue, often times about a completely unrelated topic. Ms. Diaz was never specifically asked about drug use while in Mexico. She was never asked about prior drug use generally. Ms. Diaz had a difficult enough time as it was answering the agent's questions considering the relentless interruptions; she had absolutely no time or ability to add additional information. The alleged "omission" is not an omission and it is probative of nothing.

The government cites *United States v. Flores*, 802 F.3d 1028, 1047 (9th Cir. 2015) in support of their argument that the statements to the PA should be admissible because they are not offering them for the forbidden purpose.

As an initial matter, Flores itself reiterates the basis for the inadmissibility of the statements: "Flores is correct that drug use and simple possession cannot be introduced to show that a defendant conspired to smuggle drugs." *Flores*, 802 F.3d at 1046-1047 (*citing United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1015 (9th Cir.1995) (noting that possession of personal use amounts of a drug does not evidence conspiracy to manufacture that drug); *United States v. Mehrmanesh,* 689 F.2d 822, 831-32 (9th Cir.1982) (rejecting the argument that a jury can infer importation from drug use)." In *Flores*, however, the government used the

evidence for a different, permissible purpose. The bulk of the discussion in *Flores* had to do with two facebook posts in which Flores discussed "bringing" marijuana in relation to a trip to Mexico. Flores was charged with importation of marijuana. The Court ruled that "Allowing the government to use the messages for non-propensity impeachment purposes — i.e., to show that Flores was lying about what she wanted her cousin to delete from Facebook — was not an abuse of discretion." *Flores*, 802 F.3d at 1047.

The Court addressed the admissibility of prior drug use with one sentence, ruling that the "the same is true of the government's reference to Flores's pre-trial drug use, which was introduced to show that Flores had lied to a federal judge and thus was untrustworthy, rather than to show Flores's propensity to commit drug crimes." *Id.* In other words, the Court did not find an abuse of discretion in admitting those statements for the government's proffered purpose –to show she had lied to a federal judge. As explained above, Ms. Diaz's statements to the agents were neither lies nor material omissions. None of the statements were made to a federal judge. There is no permissible non-propensity impeachment purpose here and the statements are not admissible.

The alleged statement should be excluded.

Dated: December 7, 2020          Respectfully Submitted,

                                             */s/ Danielle Iredale*
                                             Danielle Iredale,
                                             Attorney for Ms. Diaz